Matthew A. Silverman (018919)
Jessica R. Kenney (026615)
**McCarthy ◆ Holthus ◆ Levine**
8502 E. Via de Ventura, Suite 200
Scottsdale, AZ 85258
(602) 230-8726

Attorneys for Movant,
Litton Loan Servicing LP as servicer for HSBC Bank USA, National Association, as Trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-3, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>Alberto Ruiz, Jr.,<br><br>          Debtor.<br>_____<br>Litton Loan Servicing LP as servicer for HSBC Bank USA, National Association, as Trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-3, its assignees and/or successors,<br><br>          Movant,<br><br>  v.<br><br>Alberto Ruiz, Jr., Debtor; and S. William Manera, Chapter 7 Trustee,<br><br>          Respondents. | In Proceedings Under<br><br>Chapter 7<br><br>Case No. 2:10-bk-27300-SSC<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

      Litton Loan Servicing LP as servicer for HSBC Bank USA, National Association, as Trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-3, its assignees and/or successors ("Movant"), by and through its undersigned attorney,

File No. AZ-10-35017          1          Case No. 2:10-bk-27300-SSC
Motion For Relief From Automatic Stay

moves for termination of all stays and injunctions, pursuant to 11 U.S.C. § 362(d), 11 U.S.C. § 105, Bankruptcy Rules 4001 and 9014 and Local Rule 4001, regarding the real property generally described as 4116 East Catalina Drive, Phoenix, AZ 85018.

The relief requested in this Motion is proper for all of the reasons set forth in the Memorandum of Points and Authorities attached hereto and incorporated herein by this reference.

DATED: September 20, 2010

**McCarthy ◆ Holthus ◆ Levine**

By: /s/ Jessica R. Kenney
    Jessica R. Kenney, Esq.
    8502 E. Via de Ventura, Suite 200
    Scottsdale, AZ 85258
    Attorneys for Movant

# MEMORANDUM OF POINTS AND AUTHORITIES

1. On or about 08/26/2010, Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 362, the Petition stays the commencement or continuation of any proceedings against the Debtor or any act to obtain possession of any property of the Debtor or to enforce any lien against any property of the Debtor.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

3. On or about 03/14/2005, Ownit Mortgage Solutions, Inc. entered into a contract with Alberto Ruiz, Jr. wherein Debtor agreed to pay the amount of $1,619.03, or more, on or before the first day of every month, beginning on or about 05/01/2005. The obligation is evidenced by a Note and secured by a Deed of Trust. **See Exhibit "1"** which is an imaged file copy of the promissory note made at/near the time of loan origination.

4. The Deed of Trust was timely and duly recorded and perfected in accordance with Arizona law as Recorders No. 20050351763 in the office of the Maricopa County Recorder.

5. HSBC Bank USA, National Association, as Trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-3 is now the holder of the Note that is Secured by the Deed of Trust and is the real party in interest.

6. The original principal amount of the Note was $262,950.00, plus interest, costs and attorneys' fees for collection. Currently, but for the defaults in acceleration, the monthly payment pursuant to the Note would be $2,055.91.

7. The Debtor has failed to make monthly payments, beginning with the month of 05/01/2009, and all subsequent payments, costs, attorneys' fees, interest and accruing late charges. Debtor has been in default for 17 months.

8. Further, Debtor intends to surrender the subject property as set forth in Debtor's Statement of Intention. **See Exhibit "4".**

9. As of 09/16/2010, the amount required to fully reinstate the Debtor's loan is approximately $44,882.40 , itemized as follows:

| | |
|---|---:|
| Unpaid Principal Balance: | $ 273,003.68 |
| DELINQUENCIES: | |
| Monthly Payments: 17 at $2,055.91 (05/09 through 09/10) | $ 34,950.47 |
| Late Charges: | $ 1,502.63 |
| Escrow Advances: | $ 3,669.73 |
| Non-Escrow Advances: | $ 4,059.57 |
| Bankruptcy Attorney Fee: | $ 550.00 |
| Bankruptcy Filing Fee: | $ 150.00 |
| Total Delinquencies: | $ 44,882.40 |
| Total Amount Due to Secured Creditor: | $ 317,886.08 |

10. Pursuant to the Note, Movant has declared the entire unpaid balance of principal and accrued interest, plus all other amounts owed, to be immediately due and payable. As of 09/16/2010, the principal amount owing on the Note secured by the Trust Deed is $317,886.08.

11. Movant has performed all of its obligations required under the Note and Deed of Trust, and all conditions precedent to the Debtors' performance there under have occurred.

## **MOVANT IS NOT ADEQUATELY PROTECTED**

12. Movant is not adequately protected. Movant is not receiving regular monthly payments from the Debtor, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(1).

## **DEBTOR HAS NO EQUITY IN THE PROPERTY AND THE PROPERTY IS NOT NECESSARY FOR AN EFFECTIVE REORGANIZATION**

13. Pursuant to 11 U.S.C. § 362 subd. (d)(2), Movant is entitled to relief from the automatic stay to enforce its lien if Debtor has no equity, and the Property is not necessary for an effective reorganization. Unless a reorganization is contemplated and feasible, a creditor is

entitled to relief from the automatic stay if the Debtor has no equity in the Property. In Re Diplomat Electronics Corp., B.R. 688 (Bank S.D.N.Y. 1988).

14. The Moving Party further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

15. Movant requesting relief from the stay has the burden of proof on only one issue. That is the issue of the Debtor's equity in the Property. On all other issues, any party opposing relief has the burden of proof. 11 U.S.C. § 362(g). Unless a party opposing relief produces evidence on these points, Movant is entitled to relief without presenting any evidence whatsoever. Gauvin v. Wagner (In re Gauvin), 8 C.B.C. 2nd 359, 361; 10 BCD 219; 24 B.R. 578 (9th Cir. BAP 1982). Moreover, if a party opposing relief alleges that an "equity cushion" furnishes adequate protection, then that party must produce evidence and carry the burden of proof even on the issue of equity. Id.

16. Upon information and belief, the Debtor has no equity in the subject Property and the subject Property is not necessary for an effective reorganization.

17. The current value of the Debtor's subject Property is $150,000.00 based upon the Debtor's own value as set forth in Schedule A. **See Exhibit "2"**.

18. Other than Movant's Deed of Trust, the subject Property is also encumbered by a second Deed of Trust in favor of Ocwen in the approximate amount of $64,983.00 as set forth in Debtor's Schedule D. **See Exhibit "3"**.

19. In determining whether there is equity, all encumbrances on the Property, including costs and attorney's fees, must be considered. In Re McCall, 25 B.R. 199 (Bank E.D. PA 1982). In addition, the valuation assigned to the subject Property must be reduced by an amount sufficient to cover the creditor's estimated cost of liquidating the property. La Jolla Mortgage Fund v. Rancho El Cajon Associates (In re Rancho El Cajon Associates), 18 B.R. 283 (Bank. S.D. Cal. 1982).

20. In the present case, the Debtor has little or no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Movant herein and the other liens as noted in this Motion.

| | | |
|---|---|---:|
| Value | $ | 150,000.00 |
| Total Liens to Secured Creditor | $ | 317,886.08 |
| Junior Liens | $ | 64,983.00 |
| Less 8% Cost of Sale | $ | 12,000.00 |
| Equity | $ | (244,869.08) |

21. Based on the foregoing, Movant alleges that there is no equity in the subject Property and the Property is not necessary for an effective reorganization. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(2).

22. Based on the foregoing, the moving party further seeks the bankruptcy estate to abandon the subject property 11 U.S.C. §554(b).

23. Based on the foregoing, the moving party further seeks an Order deeming that the Trustee has abandoned the Property from the bankruptcy estate, and, therefore, the Property is no longer is property of the estate.

24. A Notice of Trustee's Sale was recorded on 04/15/2009, and the foreclosure sale was scheduled for 07/15/2009.

25. The Movant specifically requests permission from this Honorable Court to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law. Due to the filing of instant Bankruptcy petition, movant is stayed from proceeding with the foreclosure.

## **CONCLUSION**

1. Movant's claim is in default and unpaid by the Debtor.
2. Movant's only form of redress is to look to the secured property.
3. Costs, attorneys' fees and interest continue to mount on Movant's claim, thus completely eroding any and all equity that may be claimed by Respondent.
4. This property is not required for any reorganization.

5. Movant is not adequately protected.

6. Movant is a secured creditor who is at dangerous peril of becoming undersecured as a result of the stays which enjoin Movant from foreclosing its lien. Therefore, pursuant to 11 U.S.C. § 362(d)(2), this Motion should be granted to avoid further erosion of Movant's secured lien position.

## **REQUEST FOR RELIEF**

WHEREFORE, Movant requests that the Court enter its Order granting the following relief:

A. Terminating all stays and injunctions including, but not limited to, the automatic stays under Bankruptcy Code § 362(a)(2) and 105 with respect to the property which is described herein as to the Movant only;

B. The Trustee is hereby deemed to have abandoned the Property from the estate, and, therefore, the Property no longer is property of the estate.

C. For Movant's reasonable attorneys' fees and costs and interest herein incurred and expended; and

D. For such other and further relief as the Court deems just and equitable.

DATED: September 20, 2010

**McCarthy ◆ Holthus ◆ Levine**

By: /s/ Jessica R. Kenney
    Jessica R. Kenney, Esq.
    8502 E. Via de Ventura, Suite 200
    Scottsdale, AZ 85258
    Attorneys for Movant

On 9/20/2010, I served the foregoing documents described as **MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR
Charles M. Leftwich
lawyer.leftwich@gmail.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/  Ciprian Scutariu
Ciprian Scutariu

On 9/17/2010, I served the foregoing documents described as **MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**, on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

UNITED STATES TRUSTEE
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706

COUNSEL FOR DEBTOR
Charles M. Leftwich
Leftwich & Associates, PLLC
3816 North 7th Street
Phoenix, AZ 85014

DEBTOR
Alberto Ruiz, Jr.
3513 South 91st Drive
Tolleson, AZ 85353

TRUSTEE
S. William Manera
PO Box 44350
Phoenix, AZ 85064

1. SPECIAL NOTICE
   Capital One Auto Finance Department
   PO Box 201347
   Arlington, TX 76006

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

                                          /s/ David Fry
                                          David Fry